**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | <span style="color:red">**Filed Under Seal**</span> |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CR. No.** 26-20217 TLP-cgc |
| | ) | |
| **ROY HARVEY, JR. (01),** | ) | **18 U.S.C. § 2** |
| **KEITH CANNON (02),** | ) | **18 U.S.C. § 371** |
| **CADARIAN MACK (03),** | ) | **18 U.S.C. § 2314** |
| **MARQUESIO ROBINSON (04),** | ) | |
| **JOEL DELUNA (05),** | ) | |
| **BEREKET ABRAHAM (06),** | ) | |
| **JORGE CUELLAR (07),** | ) | |
| **MICHAEL PERKINS (08),** | ) | |
| **JULIAN BAKER (09),** | ) | |
| **CORTEZ SPENCER (10),** | ) | |
| **RODERICO MCCLELLAN (11),** | ) | |
| **and** | ) | |
| **DAMON JOHNSON (12),** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>INDICTMENT</u>

**THE GRAND JURY CHARGES:**

## <u>OVERVIEW</u>

During times material to this Indictment:

1.    Starting at least as early as July 2021, and continuing until in or about June 19, 2024, the exact dates being unknown to the Grand Jury, defendants ROY HARVEY, JR. (1), KEITH CANNON (2), CADARIAN MACK (3), MARQUESIO ROBINSON (4), JOEL DELUNA (5), BEREKET ABRAHAM (6), JORGE CUELLAR (7), MICHAEL PERKINS (8), JULIAN BAKER (9), CORTEZ SPENCER (10), RODERICO MCCLELLAN (11), and DAMON JOHNSON (12) engaged in an organized theft ring targeting Nike's North American Logistics Center in Memphis, Tennessee.

2.      Nike's North American Logistics Center (NALC) is a very large warehouse facility in Memphis, Tennessee, that receives its product manufactured in other countries and then distributes it to sellers. In furtherance of the conspiracy, the defendants would identify product that they wanted to resell, locate it in the Nike warehouse, and place shipping labels to predetermined locations throughout the United States where they would retrieve the product. The defendants would then resell the stolen product.

<u>The Defendants</u>

3.      Defendant ROY HARVEY, JR. (1) is from Memphis, Tennessee. He utilized the home address of his parents in Memphis in connection with the startup of his business, RHJ Global, in 2020. HARVEY, JR. (1) would create UPS shipping labels to predetermined destinations and then provide them to employees at NALC to place on cartons of shoe boxes. He kept some of the shoes and resold the rest for his own enrichment. He resided in Los Angeles, California during the time incorporating the conduct in this Indictment. HARVEY, JR. (1) was arrested in Los Angeles, California after receiving 27 cartons of Nike shoes with his labels on them on January 27, 2024.

4.      Defendants KEITH CANNON (2), CADARIAN MACK (3), and MARQUESIO ROBINSON (4) were involved with HARVEY, JR. (1)'s stealing and reselling of the stolen shoes. CANNON (2) created a UPS account using business information for Valid Kixx. CANNON (2) shipped shoes to Racine, Wisconsin, and an address associated with ROBINSON (4) in Charlestown, Indiana. MACK (3) posted shoes for sale on online sites StockX LLC and GOAT Sneaker Marketplace and utilized PayPal to obtain payments. ROBINSON (4) had worked at the Nike Employee Store. ROBINSON (4) registered Timetrav3lers LLC to open a bank account and send money to CANNON (2) and HARVEY, JR. (1).

5.      Defendants JOEL DELUNA (5), BEREKET ABRAHAM (6), and JORGE CUELLAR (7) owned large shoe reseller companies. DELUNA (5) owned Chicago Emporium, a large reseller located in Chicago, Illinois. DELUNA (5) would send shipping labels to HARVEY, JR. (1) in the beginning of the conspiracy, and bought large quantitites of shoes from HARVEY, JR. (1) and CANNON (2). ABRAHAM (6) is the co-owner of Cool Kicks, LLC, which is a large reseller located in the Los Angeles, California area. ABRAHAM (6) allowed HARVEY, JR. (1) to utilize UPS shipping labels from Cool Kicks to ship cartons from the NALC to Los Angeles in June and July 2021. ABRAHAM (6) purchased a large amount of shoes from HARVEY, JR. (1) and CANNON (2). CUELLAR (7) owned Horhead Investments, a shoe reseller in the Los Angeles area. CUELLAR (7) purchased large quantities of shows from HARVEY, JR. (1) and sent money to CANNON (2).

6.      Defendant MICHAEL PERKINS (8) was employed as a floor manager at the NALC facility. PERKINS (8) would bring labels into the facility, and have other employees, JULIAN BAKER (9), CORTEZ SPENCER (10), RODERICO MCCLELLAN (11), and DAMON JOHNSON (12) and potentially others place the labels on specified cartons for shipment to predetermined locations. PERKINS (8) was interviewed by Nike and placed on administrative leave after HARVEY, JR. (1) was arrested in January 2024. PERKINS (8) then quit his employment, but kept distributing labels to BAKER (9), SPENCER (10), MCCLELLAN (11) and JOHNSON (12) at least through the end of the indictment period.

## COUNT 1

7.      The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 of this Indictment as if fully set forth herein.

8.    Beginning at a date uncertain, but at least as early as on or about July 2021 and continuing to on or about June 19, 2024, in the Western District of Tennessee, and elsewhere, the defendants,

**ROY HARVEY, JR. (01),**
**KEITH CANNON (02),**
**CADARIAN MACK  (03),**
**MARQUESIO ROBINSON (04),**
**JOEL DELUNA (05),**
**BEREKET ABRAHAM (06),**
**JORGE CUELLAR (07),**
**MICHAEL PERKINS (08),**
**JULIAN BAKER (09),**
**CORTEZ SPENCER (10),**
**RODERICO MCCLELLAN  (11), and**
**DAMON JOHNSON (12)**

and others unknown to the grand jury, did knowingly, intentionally and unlawfully conspire and agree together and with each other, and with other persons both known and unknown to the grand jury, to unlawfully transport, transmit, and transfer in interstate and foreign commerce from Memphis, Tennessee to various locations around the United States, stolen goods, wares, and merchandise, that is, Nike retail product, having an aggregate value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314.

### Overt Acts of the Conspiracy

9.    In furtherance of this conspiracy and to affect the objects of the conspiracy at least one of the defendants committed at least one of the following overt acts in the Western District of Tennessee:

a.  Between July 23, 2021 and May 5, 2022, HARVEY, JR. (1) received 149 shipping labels for shoe cartons from Cool Kicks, LLC., co-owned by ABRAHAM (6);

b.  HARVEY, JR. (1), utilizing business account RHJ Global, created shipping labels for shoe cartons between May 22, 2022 and January 6, 2024;

4

c.  From May, 22, 2022 through January 27, 2024, HARVEY, JR. (1), and his co-conspirators successfully used 1860 labels on shipments of Nike cartons stolen from NALC;

d.  Between July 23, 2021 and on or about January 27, 2024, HARVEY, JR. (1) communicated with PERKINS (8) and provided him with shipping labels to place the labels on the desired cartons of Nike product at NALC;

e.  Between July 23, 2021 and on or about January 27, 2024, PERKINS (8) gave shipping labels to BAKER (9), SPENCER (10), MCCLELLAN (11), and JOHNSON (12);

f.  Between July 23, 2021 and on or about June 19, 2024, BAKER (9), SPENCER (10), MCCLELLAN (11), and JOHNSON (12) placed the labels on the cartons of Nike product as directed by PERKINS (8);

g.  In September 2022, HARVEY, JR. (1) asked ABRAHAM (6) to create a fake invoice for shoes in order to receive the cartons from UPS;

h.  On or about September 2022, ABRAHAM (6) created a fake invoice for shoes and sent it to HARVEY, JR. (1);

i.  Between April 2023 and the end of January 2024, CANNON (2) created shipping labels;

j.  Between April 2023 and the end of January 2024, CANNON (2) and his co-conspirators successfully used 459 shipping labels he created;

k.  Between April 26, 2023 and January 4, 2024, Horhead Investments, a shoe reseller in the Los Angeles area owned by CUELLAR (7), sent wire transfers to R&Beef Dawgz, a Memphis food truck owned by CANNON (2), in the amount of $696,700;

l.  On or about January 27, 2024, HARVEY, JR. (1) picked up 28 cartons of

stolen Nike product that had been shipped to him in Los Angeles, California;

m. On or about March 26, 2024, CANNON (2) began creating shipping labels again;

n. Between on or about April 23, 2024 and on or about June 19, 2024, approximately 800 of the shipping labels CANNON (2) created were used to deliver stolen Nike product from NALC;

o. From April 2024 through on or about June 19, 2024, Chicago Emporium, owned by DELUNA (5) paid CANNON (2) approximately $492,000 for shipments of stolen Nike product;

p. Between April 2023 and the end of January 2024, CANNON (2) created shipping labels for stolen Nike product to an address associated with ROBINSON (4) in Chalestown, Indiana;

q. From on or about July 23, 2021 through on or about June 19, 2024, MACK (3) posted shoes for sale on online sites StockX LLC and GOAT Sneaker Marketplace;

r. In June and July 2023, DELUNA (5) negotiated with HARVEY, JR. (1) to receive unreleased Nike product;

s. Between April and November of 2023, Cool Kicks, LLC, co-owned by ABRAHAM (6) paid CANNON (2) $127,000 and HARVEY, JR. (1) $88,275.

All in violation of Title 18, United States Code, § 371.

## COUNT 2

10. The grand jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 6 and 9 of this Indictment as if fully set forth herein.

11. On or about January 27, 2024, in the Western District of Tennessee and elsewhere, defendant,

6

**ROY HARVEY, JR. (01)**

aided and abetted by his co-conspirators, known and unknown to the grand jury, did unlawfully transport, transmit, and transfer in interstate commerce from Memphis, Tennessee, to Los Angeles, California, stolen goods, wares, and merchandise, that is, retail consumer products, having an aggregate value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, §§ 2314 and 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c).  Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold

7

to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a.    A forfeiture money judgment in the amount of at least $2,000,000, such amount constituting the proceeds of the violations set forth in this bill of indictment.

**A TRUE BILL:**

_____

**F O R E P E R S O N**

**DATED:** __May 21, 2026_____

_____

**D. MICHAEL DUNAVANT**
**UNITED STATES ATTORNEY**
**WESTERN DISTRICT OF TENNESSEE**

8